**TEAMSTERS LOCAL UNION NO. 764, Appellee,**

v.

**J.H. MERRITT AND COMPANY, Appellant.**

No. 84–5827.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) June 14, 1985.

Decided Aug. 9, 1985.

Paul J. Dellasega, Ira H. Weinstock, Harrisburg, Pa., for appellee.

Charles J. McKelvey, William R. Tait, McNerney, Page, Vanderlin & Hall, Williamsport, Pa., for appellant.

* Honorable Frederick B. Lacey, United States District Judge for the District of New Jersey, sitting by designation.

HIGGINBOTHAM and BECKER, Circuit Judges, and LACEY, District Judge.*

### OPINION OF THE COURT

BECKER, Circuit Judge.

J.H. Merritt and Company ("Merritt") appeals from the order of the District Court for the Middle District of Pennsylvania, granting summary judgment in favor of appellee, Teamsters Local Union No. 764 ("Union"), denying Merritt's motion for summary judgment, confirming the award of a board of arbitrators, ordering an employee's reinstatement with backpay from the date of reinstatement ordered by the board, and directing an award of counsel fees for appellee. For the following reasons, we will affirm the judgment of the district court.

### I.

Victor Alexander, a member of the Union, was employed by Merrit at a construction project for the Merck Company in Danville, Pennsylvania. Merritt discharged Alexander on September 16, 1983, at which time no collective bargaining agreement existed between Merritt and the Union. On October 31, 1983, the Union and Merritt entered into such an agreement "to be effective the same date." In pertinent part, the agreement provided for the dismissal of employees only for just cause and for the submission of workplace grievances to a Joint Arbitration Board. Subsequently, the Union applied for arbitration of Alexander's claim of unfair discharge, alleging a violation of the collective bargaining agreement.

A Joint Arbitration Board heard Alexander's grievance on November 21, 1983. At the hearing, Merritt contested Alexander's claim on the merits, but did not argue that the Board lacked jurisdiction to resolve the dispute. Shortly after the hearing, the Joint Arbitration Board informed Merritt of its decision that Alexander be reinstated

but not awarded backpay. Representatives of Merritt thereupon stated that such a decision would not be acceptable to the company, but still did not argue that the Board lacked jurisdiction to resolve the dispute. The Board's decision to reinstate Alexander was reduced to writing on November 22, 1983, and Merritt refused to allow Alexander to return to work on November 28, 1983, as required by the Board's decision.

The Union subsequently brought suit in district court, seeking an order confirming the decision of the Board. In its answer to the complaint, Merritt asserted for the first time that the Board "lacked jurisdiction or authority to decide the dispute involved in Mr. Alexander's discharge." The district court confirmed the award of the Joint Arbitration Board, holding that even if the Board lacked jurisdiction to hear the dispute, the company had waived its right to contest the Board's jurisdiction because it failed to raise the objection before the Board. The court ordered that Alexander be reinstated with full seniority and with backpay from November 28, 1983, the date he would have returned to work had Merritt complied with the arbitrators' decision.[1]

## II.

On appeal, Merritt challenges the jurisdiction of the Joint Arbitration Board to hear the dispute and the holding of the district court that Merritt waived its right to contest jurisdiction by failing to object on this ground before the Board. Merritt also seeks review of the district court's award to the Union of its reasonable attorneys fees incurred in connection with the district court proceeding.

■■■ Arbitration is a matter of contract, and parties are bound by arbitration awards only if they have agreed to arbitrate a matter. *Goodwin v. Elkins & Co.*,

730 F.2d 99, 108 (3d Cir.), *cert. denied,* ——— U.S. ———, 105 S.Ct. 118, 83 L.Ed.2d 61 (1984); *Fortune, Alsweet & Eldridge, Inc. v. Daniel,* 724 F.2d 1355, 1356 (9th Cir. 1983) (per curiam). "[B]y agreeing to submit disputes to arbitration, a party relinquishes ... courtroom rights, including that to subpoena witnesses, in favor of arbitration with all its well-known advantages and drawbacks." *Fuller v. Guthrie,* 565 F.2d 259, 261 (2d Cir.1977) (quoting *Parsons and Whittemore Overseas Co. v. Societe Generale De L'Industrie Du Papier,* 508 F.2d 969, 975 (2d Cir.1974)). An arbitration agreement, however, need not be express; it may be implied from the conduct of the parties. *Daniel,* 724 F.2d at 1357. In the instant case, Merritt voluntarily submitted its dispute to arbitration and was represented at the arbitration by two high ranking employees with full authority to bind the company with respect to labor matters. Thus, Merritt's conduct manifests a clear intent to arbitrate its dispute with the Union, and Merritt accordingly is bound by the decision of the Board. *See Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Independent Truck Drivers Union, Local No. 1,* 611 F.2d 580, 584 (5th Cir.1980) ("*On whatever basis it rests, waiver, estoppel or new contract,* the result is that the grievance submitted to the arbiter defines his authiroyt without regard to whether the parties had a prior legal obligation to submit the dispute." (emphasis added)).

■■■ Alternatively, we agree with the district court that Merritt waived its right to contest the Board's jurisdiction in district court by failing to raise its jurisdictional objection before the Board. This court has recognized the principle that a party may waive its right to raise on appeal an objection to the decision of an arbitrator when the party failed to address the objection

---

**1.** The district court also stated that the record did not clearly reflect the extent of the Board's jurisdiction to hear the dispute, inasmuch as the collective bargaining agreement was in effect on the date of arbitration and might have provided that the Board would have jurisdiction to resolve grievances filed during the term of the collective bargaining agreement regardless of

when the facts underlying the dispute took place. Because we conclude that by its actions Merritt implicitly agreed to arbitrate the labor dispute with the Union and, moreover, that Merritt waived any objection to the jurisdiction of the Board, it is unnecessary to remand to augment the record regarding the terms of the collective bargaining agreement.

before the arbitrator in the first instance. *See, e.g., Meat Cutters Local 195 v. Cross Brothers Meat Packers, Inc.,* 372 F.Supp. 1274, 1276 n. 2 (E.D.Pa.1974), *aff'd,* 518 F.2d 1113, 1121 (3d Cir.1975). Appellant contends, however, that this general rule does not apply when the objection to the decision of the Board goes to the jurisdiction of the Board to consider the claim. We reject this contention.

■ This Court has held that a party may not challenge the qualifications of an arbitrator after submitting a dispute to a board of arbitrators whose composition was known by the party before an unfavorable decision was rendered by the board. *Bower v. Eastern Airlines, Inc.,* 214 F.2d 623, 627 (3d Cir.), *cert. denied,* 348 U.S. 871, 75 S.Ct. 107, 99 L.Ed. 685 (1954). We agree with the extension of this rule by the Ninth Circuit, which recently held that a voluntary participant in an arbitration of a labor dispute waived any objection that there had been no agreement to arbitrate the dispute. *Fortune, Alsweet and Eldridge, Inc. v. Daniel,* 724 F.2d 1355, 1357 (9th Cir.1983) (per curiam). *See also James Dairy Farm v. Local No. P–1236,* 760 F.2d 173, 175 (7th Cir.1985) ("If a party voluntarily and unreservedly submits an issue to arbitration, he cannot later argue that the arbitrator had no authority to resolve it."); *Piggly Wiggly,* 611 F.2d at 584; *International Brotherhood of Electrical Workers, Local Union No. 323 v. Coral Electric Corp.,* 576 F.Supp. 1128, 1140 (S.D.Fla.1983) (party waived the right to contest in federal court the enforceability of a prehire agreement that provided for arbitration because the party availed itself of the arbitrator's jurisdiction without objection). Such a rule furthers the strong federal policy favoring the speedy resolution of labor disputes through arbitration. *See Sheet Metal Workers' International Association, Local No. 252 v. Standard Sheet Metal, Inc.,* 699 F.2d 481, 482 (9th Cir.1983) (citing *Service Employees International Union, Local 36 v. Office Center Services,* 670 F.2d 404, 409 (3d Cir.1982)). We would frustrate that policy if we allowed Merritt to reject arbitration after the announcement of the award.

■ In sum, we hold that based either on a theory of waiver or on one of implied contract, Merritt is bound by the decision of the Board in this case.[2] The order of the district court confirming the arbitration award will be affirmed.

---

**2.** We have also considered Merritt's argument that the district court abused its discretion in awarding reasonable counsel fees to the Union. "In suits to compel one party to submit to arbitration or abide by an award, fees are generally awarded if the defaulting party acted without justification, ... or if the party resisting arbitration did not have a 'reasonable chance to prevail,' ...." *Chauffeurs, Teamsters & Helpers v. Stroehmann Bros.,* 625 F.2d 1092, 1094 (3d Cir. 1980) (quoting *United Bhd. of Carpenters and Joiners v. American Superior Midwest, Inc.,* 86 L.R.R.M. 2682, 2685 (W.D.Ark.1974)) (other citations omitted).

The district court based its award of counsel fees on Merritt's inability to cite any authority in support of its position and, in light of all the circumstances surrounding the case, on the court's doubts concerning Merritt's good faith in refusing to abide by the Board's decision. We cannot conclude that the district court's decision on these facts amounted to an abuse of discretion.

