## GREAT NORTHERN NEKOOSA CORPORATION, Plaintiff,

v.

## ASEA, AB; ASEA, Inc.; and Stal Laval Turbine, AB, Defendants.

No. 85–4074.

United States District Court,
W.D. Arkansas,
Texarkana Division.

April 17, 1987.

---

## 1254

Stephen D. Marcus, Clausen Miller Gorman Caffrey & Witous, P.C., Chicago, Ill., and John R. Beasley, Bethell, Callaway, Robertson & Beasley, Fort Smith, Ark., for plaintiff.

Philip Le B. Douglas, Winthrop, Stimson, Putnam & Roberts, New York City, and Robert Shults, Shults, Ray & Kurrus, Little Rock, Ark., for defendants ASEA AB, ASEA STAL AB, and ASEA Inc.

### ORDER

ROY, District Judge.

Before the Court is Defendants' Motion to Compel Arbitration and Stay Litigation Pending Arbitration, to which Plaintiff has responded. In conjunction with its Response, Plaintiff asks the Court to strike certain portions of the affidavit of Sune Ericson filed by Defendants in support of their motion.

Plaintiff, Great Northern Nekoosa Corporation ("Nekoosa"), is a Maine corporation with its principal place of business in Stamford, Connecticut. Defendants STAL LAVAL TURBINE, AB (more accurately, "ASEA STAL AB") and ASEA, Inc. are subsidiaries of ASEA AB, a Swedish corporation with its principal place of business in Vasteras, Sweden. Defendants will be referred to herein collectively as "ASEA."

In 1978, Nekoosa purchased a turbine generator from ASEA for use in its Ashdown, Arkansas paper mill. For the following eight years, Nekoosa and ASEA were involved in a continuing business relationship consisting of both sales and service of equipment and parts for use in the Ashdown plant.

Nekoosa experienced problems with the turbine generator in the spring of 1982. In

June of that year, Nekoosa and ASEA entered into an agreement pursuant to which ASEA was to repair and service various components of the turbine generator. On June 4, 1982, Sune Ericson apparently sent a letter to Nekoosa setting out the rates, terms and conditions for the overhaul of the turbine blading and the reassembly of the equipment at Ashdown. Attached to the letter, and referred to therein, were ASEA's Conditions of Sale and General Conditions for Service Engineers. ASEA asserts that it was standard procedure to include Sale and Service Conditions in its contracts with Nekoosa, and that this practice had been followed on several occasions prior to June 4, 1982. Included in the Service Conditions was the following clause:

> Any controversy or claim arising out of or relating to this agreement or the breach thereof shall be settled by arbitration in New York City according to the rules of the American Arbitration Association.

Nekoosa claims that it should not be bound by this provision on the ground that it never expressly agreed to it. In support of this, Nekoosa describes its routine practice of submitting, in every transaction, a purchase order setting out its own terms and conditions for that transaction. Nekoosa states that it followed this procedure on June 9, 1982 in responding to Ericson's June 4 letter, and that its (Nekoosa's) terms and conditions made no reference to arbitration, as was customary.

ASEA contends that the arbitration clause became a part of its contract with Nekoosa, not through express agreement, but by way of the understanding, practice and conduct of the parties. Nekoosa, on the other hand, argues that the arbitration clause is unenforceable inasmuch as it was never expressly agreed to by the parties, and that the course of dealing between them was insufficient to support a finding of implied acceptance of the arbitration term. Further, Nekoosa submits that even if an arbitration agreement is found to have been reached, its claims against ASEA herein fall outside the scope of that agreement and are, thus, not subject to arbitration. Finally, Nekoosa claims that the transactions between it and ASEA were of such a character so as to fall outside the purview of 9 U.S.C. §§ 1–14, the Federal Arbitration Act.

As stated by the United States Court of Appeals for the Third Circuit in *Teamsters Local Union No. 764 v. J.H. Merritt & Co.*, 770 F.2d 40, 42 (3rd Cir.1985):

> Arbitration is a matter of contract, and parties are bound by arbitration awards only if they have agreed to arbitrate a matter. [citations omitted] ... An arbitration agreement, however, need not be express, it may be implied from the conduct of the parties.

Furthermore, "[t]he Federal Arbitration Act 'contains no built-in Statute of Frauds provision but merely requires that the arbitration provision itself be in writing. Ordinary contract principles determine who is bound by such written provisions and of course parties can become contractually bound absent their signatures.'" *First Citizens Municipal Corp. v. Pershing Division of Donaldson, Lufkin and Jenrette Securities Corp.*, 546 F.Supp. 884, 887 (N.D.Ga.1982).

■ There is no reason for the Court to question Nekoosa's awareness of the arbitration provision, for its copy of the Service Conditions provided to the Court reflects certain notations which indicate an acknowledgement of the arbitration clause. Indeed, the notation "New York" was made adjacent to it.

The Court is not persuaded by Nekoosa's argument that the discrepancies between the terms and conditions on their purchase order and ASEA's Service Conditions created an irreconcilable conflict resulting in only an agreement whereby ASEA was to perform certain specified services for a specified price, with no other terms or conditions in effect. To the extent that the two different sets of terms and conditions were not in conflict, and not objected to by the other party, they became a part of the agreement between Nekoosa and ASEA. That finding is compelled by the principle that "[a]s a general proposition, whenever

possible, the law favors reconciliation of clauses within a contract which appear contradictory." *City of Columbia, Missouri v. Paul N. Howard Co.*, 707 F.2d 338, 340 (8th Cir.1983), *cert. denied*, 464 U.S. 893, 104 S.Ct. 238, 78 L.Ed.2d 229 (1983). Where there is no contradiction with regard to a particular term or condition, as here with the arbitration clause, it should be enforced. The Court is of the opinion that the arbitration provision set out in ASEA's Service Conditions was tacitly accepted by Nekoosa and became a part of their agreement as to the repair and service of the turbine generator blading and other components.

■ As noted previously, Nekoosa also contends that, even if the arbitration clause is found to be a part of the agreement, its claims against ASEA herein are outside the scope of that clause and are, thus, not subject to arbitration. There is a strong public policy favoring arbitration of maritime and commercial disputes embodied in the Arbitration Act which has been recognized countless times by our courts. "In enacting § 2 of the federal Act, Congress declared a national policy favoring arbitration.... Congress has thus mandated the enforcement of arbitration agreements." *Southland Corporation v. Keating*, 465 U.S. 1, 10, 104 S.Ct. 852, 858, 79 L.Ed.2d 1 (1984).

■ It is well-settled that any question concerning the scope of an arbitration agreement should be resolved in favor of a finding of arbitrability. As the United States Supreme Court stated in *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983):

> The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

■ Guided by the rulings of the United States Supreme Court, as we must be, this Court finds that Nekoosa's claims set out in its complaint against ASEA are within the scope of the arbitration provision involved herein.

■ Finally, Nekoosa contends that the transaction at issue in this matter is excepted from the Arbitration Act by 9 U.S.C. § 1, which states, in part:

> ... but nothing herein contained shall apply to contracts of employment of seaman, railroad employees, or any other class of workers engaged in foreign or interstate commerce.

Nekoosa states that ASEA's service engineers were "intimately involved in the movement of 'interstate or foreign commerce'" and that, such being the case, the Act is clearly inapplicable.

The Court finds this argument, too, to be without merit. Only a strained interpretation of the language of Section 1 would allow the holding urged by Nekoosa. The Court declines to so hold. The Motion to Compel Arbitration and Stay Litigation Pending Arbitration should be, and it is hereby, granted.

■ Also before the Court are a few other motions which should be disposed of at this time, as well. As mentioned, Nekoosa has asked the Court to strike certain portions of the affidavit of Sune Ericson filed by ASEA in support of its Motion to Compel Arbitration. Where the affidavit sets forth statements which are allegedly argumentative, conclusory, irrelevant or inaccurate, the Court has given it only slight weight in resolving the issues at hand. For that reason, the Court finds that the Motion to Strike should be, and it is hereby, denied.

The Motion of ASEA for protective order limiting discovery pending a resolution of the arbitration motion is rendered moot by this Order, for no discovery shall be conducted in conjunction with the cause before this Court while this matter is under arbitration. Accordingly, the motion for protective order shall be considered withdrawn for the purposes of the record herein.

The parties are hereby directed to submit this dispute to arbitration in conformity

with the arbitration clause set out in ASEA's Service Conditions. While this matter is being arbitrated, this suit shall be stayed and will be administratively terminated by the United States District Clerk. If necessary, and upon proper notice from either party, the Court will direct that this case be reopened and returned to the active docket.