INTERNATIONAL UNION OF
OPERATING ENGINEERS,
LOCAL 542, Plaintiff,

v.

EVANS ASPHALT COMPANY,
INC., Defendant.

Civ. No. 88–0293.

United States District Court,
M.D. Pennsylvania.

April 20, 1989.

Jonathan Walters, Kirschner, Walters &
Willig, Philadelphia, Pa., for plaintiff.

Martin Cohn, Andrew Primerano, Laput-
ka, Bayless, Ecker & Cohn, Hazleton, Pa.,
for defendant.

### MEMORANDUM

KOSIK, District Judge.

The plaintiff, International Union of Op-
erating Engineers, Local 542, filed this ac-
tion on January 26, 1988 in the United
States District Court for the Eastern Dis-
trict of Pennsylvania against the defen-
dant, Evans Asphalt Company, Inc., pursu-
ant to § 301(a) of the Labor Management
Relations Act ["LMRA"], 29 U.S.C.
§ 185(a). On February 16, 1988, this action
was transferred to the United States Dis-
trict Court for the Middle District of Penn-
sylvania. On March 25, 1988, the defen-
dant filed its answer to the complaint. The
discovery deadline in this case has lapsed.

On October 11, 1988, the parties sub-
mitted cross-motions for summary judg-
ment which contained exhibits. The cross-
motions for summary judgment have been
briefed and are ripe for disposition.

In this action, the plaintiff claims that
the defendant has failed to comply with an
arbitration award made under the terms of
a collective bargaining agreement. The de-

fendant states that it was not a party to the collective bargaining agreement with the plaintiff and thus it is not bound by the arbitration award. Rather, the defendant claims that its predecessor in interest executed the collective bargaining agreement with the plaintiff.

The relevant facts of this case are as follows:

In June of 1986, the plaintiff and Evans Asphalt Company, Inc. ["Evans Asphalt"] executed a collective bargaining agreement ["the Agreement"] which was effective from May 1, 1986 until April 30, 1988.[1] Under the terms of the Agreement, disputes between the parties were to be resolved by a grievance committee. If the grievance committee could not resolve the dispute, then the matter would be decided by an arbitrator. The arbitrator's decision was to be final and binding upon the parties.[2]

In late 1986, Evans Asphalt was purchased by Slusser Brothers Trucking & Excavating Company, Inc. Slusser Brothers Trucking & Excavating Company, Inc. was not a party to any collective bargaining agreement with the plaintiff. The plaintiff contends that after the sale to Slusser Brothers Trucking & Excavating Company, Inc., Evans Asphalt continued to do business under the name of Evans Asphalt. The defendant states that Slusser Brothers Trucking & Excavating Company, Inc. assigned its rights to the assets which it obtained from the purchase of Evans Asphalt to Slusser Brothers, a partnership. A new corporation was then formed under the name Evans Asphalt Company, Inc. The defendant maintains that the new Evans Asphalt, which it terms "Evans II", was distinct from the original Evans Asphalt, "Evans I", and did not assume any liability or contracts of Evans I including the collective bargaining agreement executed with the plaintiff.

In June of 1987, the plaintiff filed a grievance against Evans Asphalt pursuant to the Agreement. In accordance with Ar-

ticle IV of the Agreement, the dispute was referred to an arbitrator by the plaintiff. A hearing was held before an arbitrator on November 17, 1987. However, the hearing was *ex parte*. Evans Asphalt did not appear at the hearing because it claimed that it was a new corporation and as such was not a party to the Agreement with the plaintiff. Moreover, the defendant did not try to enjoin the arbitration hearing. Nor did the defendant raise any substantive defenses before the arbitrator. The arbitrator ruled that the new Evans Asphalt, Evans II, was in fact the same corporation, under new ownership, which was a party to the Agreement with the plaintiff and that it was therefore bound by the terms of the Agreement. The arbitrator then found that Evans Asphalt violated the Agreement as charged by the plaintiff. Thus, the arbitrator issued an award on November 23, 1987 in favor of the plaintiff and against Evans Asphalt. Evans Asphalt did not seek to vacate or modify the arbitrator's award.

Evans Asphalt did not comply with the arbitrator's award and has continually refused to do so. Consequently, the plaintiff commenced this action to enforce the award of the arbitrator. Evans Asphalt insists that it is not bound by the arbitrator's award because it is not a party to the Agreement with the plaintiff.

Summary judgment is appropriate only when there is no genuine issue of material fact to be resolved. Fed.R.Civ.P. 56; *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir.1982); *Continental Ins. v. Bodie*, 682 F.2d 436, 438 (3d Cir.1982). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. The entire record must be examined in light most favorable to the non-moving party. *Continental Ins., supra.* Additionally, the Supreme Court has recently ruled that Fed.R. Civ.P. 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party

---

**1.** A copy of the agreement is marked as Exhibit "A" and is attached to the plaintiff's motion for summary judgment and support brief, Doc. 17.

**2.** *See* Article IV, Section 2 of the Agreement.

who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–325, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986), *cert. denied,* 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1988). The Court further stated that "Rule 56(e) ... requires the non-moving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* 317 U.S. at 324–25, 106 S.Ct. at 2553.

At the arbitration hearing, the arbitrator found that Evans II did not cease to be the same entity as Evans I. Specifically, the arbitrator found that Evans Asphalt continued to operate as the same independent corporate entity both before and after Slusser Brothers purchased its assets. The arbitrator based his decision on the undisputed evidence submitted by the plaintiff which demonstrated that Evans I engaged in business operations as Evans Asphalt Company, Inc. even after the change in ownership.[3] The plaintiff states that the court should enforce the arbitration award and that the defendant has waived any objection to it by failing to raise any defense before the arbitrator and by failing to file a timely appeal of the award. The plaintiff contends that this court cannot second guess the arbitrator's award and can only overturn the award if it is not rationally derived from the collective bargaining agreement. The defendant argues that the arbitrator's award in this case was meaningless and unenforceable because the arbitrator had no authority to make a decision binding upon a company which was not a party to the agreement to arbitrate. Stated simply, the defendant disputes the existence of a collective bargaining agreement between itself and the plaintiff and the jurisdiction of the arbitrator to issue an award which was binding upon it.

The defendant clearly had the opportunity to contest the enforceability of the Agreement before the arbitrator. There is no question that the defendant was aware of the date and the time of the arbitration hearing. It is true that prior to the arbitration hearing, the defendant did notify the plaintiff and the American Arbitration Association that it would not submit to the jurisdiction of the arbitrator. However, the defendant chose not to attend the hearing and chose not to raise any objection at the hearing itself. The plaintiff argues that since the defendant raised no defense at the arbitration hearing and did not even appear, the court should refuse to now hear the defendant's argument that the arbitrator lacked jurisdiction to entertain the grievance.

■ We shall first consider the plaintiff's waiver argument.

In support of its waiver argument the plaintiff relies primarily upon the Third Circuit case of *Teamsters Local Union No. 764 v. J.H. Merritt & Company,* 770 F.2d 40 (3d Cir.1985). We find no merit to the plaintiff's argument. The present case is easily distinguishable from the *Merritt* case. In *Merritt,* the employer voluntarily and unreservedly submitted its dispute to arbitration. The court held that since the employer's conduct manifested a clear intent to arbitrate its dispute, it could not later argue that the arbitrator had no authority to resolve it. *Merritt, supra,* 770 F.2d at 42–43. Thus, the court found that the employer waived its right to contest in federal court the enforceability of the agreement that provided for arbitration because the employer availed itself of the arbitrator's jurisdiction without objection. Similarly, in the other cases cited by the plaintiff to support its waiver argument, the employers were undisputable parties to agreements to arbitrate and participated in the arbitration proceedings.

In the case *sub judice,* unlike the employer in *Merritt,* the defendant did not submit to arbitration, did not attend the arbitration hearing and was not represent-

---

3. *See* page 17 of the arbitrator's decision. A copy of this decision is marked as Exhibit "C" and is attached to the plaintiff's motion for summary judgment and support brief, Doc. 17.

ed at the arbitration hearing. Nor did the defendant ever agree to submit the dispute with the plaintiff to arbitration. As stated, the defendant informed the arbitrator and the plaintiff of its unwillingness to submit to arbitration before the hearing was conducted and noted its objection to the jurisdiction of the arbitrator. The arbitrator in his findings noted the defendant's objections.[4] Since the defendant did not voluntarily participate in the arbitration, it did not waive any objection that it had no agreement with the plaintiff to arbitrate labor disputes.

The plaintiff also argues that the defendant should be held bound by the arbitrator's award because it failed to timely move to vacate the award within thirty [30] days in accordance with the Pennsylvania Uniform Arbitration Act, 42 Pa.C.S.A. § 7314(b). This argument of the plaintiff begs the issue which must be decided in this action. There is no question that the defendant in this case did not file an action to vacate the arbitrator's award at any time. However, the defendant is correct in arguing that an agreement to arbitrate is necessary to trigger the applicability of the Uniform Arbitration Act. 42 Pa.C.S.A. § 7302. In the instant case, it is not yet clear if in fact the defendant was a party to the Agreement to arbitrate. Thus, the applicability of the Act hinges upon whether or not the defendant was a party to the collective bargaining agreement with the plaintiff.

■ Likewise, the plaintiff's argument that this court's review of the arbitrator's award is very limited is misplaced. The award at issue in this case cannot be found to draw its essence from the collective bargaining agreement if the defendant was not a party to that agreement. We are not presented with a question of the defendant's obligation under the collective bargaining agreement as the plaintiff claims.

Rather, the issue in this case is the applicability of the bargaining agreement to the defendant. We believe that the question concerning the applicability of the bargaining agreement is a matter left to the federal courts and not the arbitrator. *See United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 583 n. 7, 80 S.Ct. 1347, 1353 n. 7, 4 L.Ed.2d 1409 (1960).

As discussed, there is nothing in the present record which indicates that the defendant agreed to settle its dispute with the plaintiff at the arbitration hearing. Thus, we have found that the defendant did not waive its right to object to the arbitrator's award. As argued by the defendant, arbitration is a matter of contract, and parties are bound by arbitration awards only if they have agreed to arbitrate. *Goodwin v. Elkins & Co.*, 730 F.2d 99, 108 (3d Cir.1984), *cert. denied*, 469 U.S. 831, 105 S.Ct. 118, 83 L.Ed.2d 61 (1984). Therefore, the defendant can be held bound by the decision of the arbitrator only if it is established that it was a party to the collective bargaining agreement with the plaintiff.

■ Hence, we concur with the defendant that the primary issue which we must address in this case is whether the defendant is a different corporate entity than the Evans Asphalt which was a party to the collective bargaining agreement with the plaintiff. If this issue is answered in the affirmative, then the defendant cannot be held bound by the arbitrator's award.

The plaintiff maintains that in light of the documents which it submitted at the arbitration hearing, namely, Union Exhibits 1–9,[5] it has proven that Evans Asphalt continued to function as a corporate entity under the name of Evans Asphalt subsequent to its being purchased by Slusser Brothers. The plaintiff argues that Evans Asphalt simply changed ownership and con-

---

**4.** *See* page 16 of the arbitrator's decision marked as Exhibit "C" and attached to the plaintiff's motion for summary judgment and brief, Doc. 17. *See also* Exhibit "D" attached to defendant's brief in support of summary judgment, Doc. 19.

**5.** While the documents submitted by the plaintiff at the arbitration hearing, Union Exhibits 1–9, are identified in the arbitration transcript, *See* Exhibit "B" attached to the plaintiff's motion for summary judgment and brief, the plaintiff has failed to provide the court with copies of these documents.

tinued to do business as Evans Asphalt. Specifically, the plaintiff states that after Evans Asphalt was sold to Slusser Brothers it continued to use the same equipment and same address. The plaintiff claims that Evans Asphalt also continued the business' services which it provided prior to the sale to Slusser Brothers.[6] Moreover, according to the plaintiff, the exhibits which it identified at the arbitration hearing, namely Union Exhibits 4–9, established that the original entity known as Evans Asphalt continued operations even after the change in ownership to Slusser Brothers. The plaintiff also states that these documents show that the old entity continued to bid on work, obtain work, perform work and obtain surety and maintenance bonds. The plaintiff maintains that since Evans Asphalt simply changed ownership and continued to conduct business as usual, the court should find that it is still bound by the terms of the collective bargaining agreement.

In defense of the plaintiff's claims, the defendant argues that there is no substantial continuity of identity between the old and the new Evans Asphalt. In support of its argument, the defendant states that at the time Slusser Brothers purchased the assets of Evans Asphalt, all of the employees of Evans I were laid off. Of the 14 new employees initially hired by the defendant, it states that only 2 were employed by Evans I. Therefore, the defendant claims that there is no continuity in the work force of the two employers and that it is not a successor of the prior employer. The defendant also states that the management and supervisory personnel of Evans I were not retained by it. The defendant further states that the operating procedures of Evans I were not used by it. In fact, the defendant states that the only similarity between Evans I and itself is that both used the same name. However, the defendant states that the right to use the name Evans Asphalt was one of the assets which it purchased from Evans I.

After reviewing the evidence in this case, we agree with the defendant that it is a legal entity which is separate and distinct from its predecessor in interest, namely Evans I. Stated simply, the defendant is not a successor of Evans I. Thus, we do not find the defendant to be bound by the collective bargaining agreement with the plaintiff.

■ The defendant contends that it is not the successor of Evans I. Basically, the successor doctrine is an extra-contractual remedial tool for imposing certain labor obligations on a new employer that has taken over the operations of an old employer. *American Bell Inc. v. Federation of Tel. Workers*, 736 F.2d 879, 888 (3d Cir. 1984). The new employer's obligation may be, as the plaintiff argues here, to arbitrate grievances under the old bargaining agreement. *See Howard Johnson Co., Inc. v. Detroit Local Joint Executive Board, Hotel & Restaurant Employees & Bartenders International Union*, 417 U.S. 249, 94 S.Ct. 2236, 41 L.Ed.2d 46 (1974). The purpose of the successor doctrine is to protect the rights of old workers employed by a new employer. *Id.* 417 U.S. at 259–61, 94 S.Ct. at 2241–42. Additionally, courts are reluctant to impose contractual obligations on parties which were not signatories to the bargaining agreement. *American Bell Inc., supra*, 736 F.2d at 888. In determining if the successorship doctrine applies, we must focus our analysis on whether the new employer elects to hire the old employees. *Howard Johnson Co., supra*, 417 U.S. at 263, 94 S.Ct. at 2243. Other factors which we must also consider include the continuity of business operations, supervisory personnel, physical plant and location, continuity in the nature of the product or services, and continuity in the methods of production, sales, or inventorying. *American Bell Inc., supra*, 736 F.2d at 888; *NLRB v. Security–Columbian Banknote Co.*, 541 F.2d 135, 139 (3d Cir.1976).

We shall now apply the successor doctrine to the facts before us.

---

**6.** *See* pages 7–11 of the notes of testimony from the November 17, 1987 arbitration hearing, marked as Exhibit "B" and attached to plaintiff's motion for summary judgment and brief.

Evans I, which there is no dispute entered into the collective bargaining agreement with the plaintiff on June 1, 1986, was incorporated in Pennsylvania on November 4, 1964. The sole stockholders of this corporation were William Evans and Robert Evans.[7] The defendant was incorporated in Pennsylvania on December 31, 1986.[8] The sole stockholders of the defendant are Earl Slusser and Thomas Slusser. Slusser Brothers Trucking and Excavating Company, Inc. entered into an agreement to purchase the assets of Evans I. However, the contractual rights under this agreement were assigned to the new Evans Asphalt incorporated on December 31, 1986, namely the defendant. The records also indicate that the defendant purchased only the assets of Evans I. The defendant did not retain any stockholder, officer or director of Evans I. After the defendant purchased the assets of Evans I, Evans I changed its name to Evans in Liquidation, Inc.[9] One of the assets which the defendant purchased from Evans I was the right to use the name Evans Asphalt Company, Inc.[10] The name Evans Asphalt was kept by Slusser Brothers because it saved money by not having to change the identification and decals on equipment and to change telephone numbers.[11]

Moreover, there was no continuity in the work force between Evans I and Evans II. As stated by the defendant and discussed above, when Slusser Brothers purchased the assets of Evans Asphalt, all employees of Evans I were laid off. Of the 14 new employees hired by Evans II, only 2 were former employees of Evans I.[12] Of the 2 former employees of Evans I, only 1 was a member of the plaintiff union. At the present time, the defendant has 18 employees including 4 former employees of Evans I. Only 1 of the 4 former employees of Evans I was a member of the plaintiff union.[13] Thus, the rationale behind the successor doctrine of protecting the rights of old workers employed by a new employer does not apply in the present case.

The defendant did not purchase the accounts receivable of Evans I. The defendant did not assume the accounts payable of Evans I. Nor did the defendant assume any other liability or contract of Evans I. Furthermore, in light of the uncontested documentation submitted by the defendant, we agree that the defendant did purchase the assets of Evans I and that Evans I liquidated.[14] Thus, we find that the defendant was only the buyer of the assets of Evans I. The evidence offered by the plaintiff fails to substantiate its claim that the defendant and Evans I were the same entity. The corporate differences between the defendant and Evans I are too numerous to ignore. As discussed, the defendant's work force and managerial personnel was different than that employed by Evans I. Hence, there was no continuity in the work force of Evans I and the defendant. Additionally, the owners of Evans I had no involvement with or control of the defendant and its operations.[15]

In support of its position, the plaintiff relies upon cases in which the old corporations and the successor corporations had common ownership and control, unlike the present case. The plaintiff's cases deal with facts wherein the purchase of assets

7. See Exhibits "A" and "B" attached to defendant's brief in support of its summary judgment motion, Doc. 19.

8. Id. at Exhibit "C".

9. Id. at Exhibit "B".

10. See pages 33–34 of the deposition of Earl Slusser, marked as Exhibit "A" and attached to the defendant's motion for summary judgment, Doc. 18. See also December 31, 1986 Agreement of Sale, at ¶ 1, page 2. A copy of the Agreement of Sale is attached to the defendant's motion for summary judgment under Exhibit "B".

11. Earl Slusser's deposition at pages 116–117.

12. See pages 117–119, 125–127 of Earl Slusser's deposition.

13. See defendant's response to plaintiff's request for documents.

14. See Exhibits "B"—"E" attached to the defendant's summary judgment motion, Doc. 18.

15. See pages 117–118 of Earl Slusser's deposition.

was between corporations with substantially the same ownership. In the instant case, as discussed, the defendant has established that its stockholders, officers, directors and management personnel were not the same persons who held these positions under Evans I. The Evans brothers owned Evans I while the Slusser brothers own the defendant, Evans II.[16] There has been no evidence submitted which shows that after the sale, the Evans brothers had any control over Evans II or owned any assets of Evans II. Thus, we agree with the defendant that when it purchased the assets of Evans I, a true change in ownership and control of those assets occurred.

Further, the plaintiff relies heavily upon the fact that Evans II continued to use the name Evans Asphalt. In fact, the plaintiff's evidence indicates that after the sale of Evans I to Slusser Brothers, Evans Asphalt continued to bid on jobs and obtain surety and maintenance bonds. As established by the defendant, the name Evans Asphalt was an asset purchased by Slusser Brothers. However, after the sale of Evans I to Slusser Brothers, there was no substantial continuity in the identity of the work force or business operations or supervisory personnel of Evans II with Evans I. Thus, even though Slusser Brothers operated their asphalt and paving company under the same name as Evans I, this alone is not sufficient to impose successor obligations on Evans II.

The plaintiff also relies upon the fact that the address of Evans Asphalt did not change after the sale to Slusser Brothers. The defendant has demonstrated that the address stayed the same because Slusser Brothers Real Estate bought the former Evans Asphalt site including the buildings located at the site.[17]

Additionally, the plaintiff contends that Evans I never liquidated its assets. In light of the evidence submitted by the defendant, which is not controverted by the plaintiff's evidence, we find that the defendant did purchase the assets of Evans I[18] and that the defendant was not the same entity as Evans I.

We do not believe that the arbitrator's finding that the defendant was the same entity as Evans I is controlling in this case. The evidence presented to the arbitrator by the plaintiff was not disputed by the defendant because the defendant did not appear at the hearing. In the instant case, we have had the opportunity to review the defendant's evidence and find that it establishes that the defendant is not the same entity as Evans I. We have also found that the plaintiff union may not invoke the successor doctrine. Additionally, the arbitrator found that the terms of the collective bargaining agreement applied to the defendant. We do not feel obliged to follow the arbitrator's findings since, as mentioned, the applicability of the bargaining agreement is a question left to the federal courts. *United Steelworkers v. Warrior & Gulf Navigation Co., supra. See also American Bell Inc., supra,* 736 F.2d at 884.

Based upon the foregoing, we conclude that the defendant is not obligated to abide by the terms of the collective bargaining agreement with the plaintiff. We also conclude that the defendant is not obligated to comply with the award of the arbitrator. Therefore, we shall grant the defendant's motion for summary judgment and deny the plaintiff's cross-motion for summary judgment.

Both the plaintiff's and the defendant's requests for attorneys' fees will be denied since we find no basis for these requests. Also, each side is to bear their own costs.

An appropriate Order will issue.

---

16. *Id.* at pages 117–118, 121.

17. *See* page 31 of the deposition of Earl Slusser.

18. *See* pages 12, 24–27 of the deposition of Earl Slusser.