

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-9-2005

# Black Box Corp v. Markham

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3910

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Black Box Corp v. Markham" (2005). *2005 Decisions.* Paper 1462.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1462

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-3910

———

BLACK BOX CORPORATION

Appellant

v.

BRADLEY MARKHAM; JOHN TRUCHANOWICZ

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 02-cv-01777)
District Judge: Honorable David S. Cercone

———

Argued February 8, 2005

Before: BARRY, FUENTES, and BECKER, Circuit Judges.

(Filed: March 9, 2005)

Stanley Yorsz (Argued)
Matthew Meade
Buchanan Ingersoll, PC
One Oxford Centre, 20th Floor
301 Grant Street
Pittsburgh, PA 15219

ATTORNEYS FOR APPELLANT

Michael L. Parrish (Argued)
Stinson Morrison Hecker LLP
1850 North Central Avenue, Suite 2100
Phoenix, AZ 85004-4584

Anthony J. Basinski
Pietragallo, Bosick & Gordon
One Oxford Centre, 38th Floor
301 Grant Street
Pittsburgh, PA 15219

ATTORNEY FOR APPELLEES

———

## OPINION OF THE COURT

———

FUENTES, Circuit Judge.

This appeal arises out of the decision of the District Court to deny Appellant Black Box Corporation's ("Black Box") motion to vacate an award of an American Arbitration Association ("AAA") panel in favor of Bradley Markham and John Truchanowicz. The panel awarded Markham and Truchanowicz $949,000 plus fees, costs and interest on their Arizona securities fraud claim, see Ariz. Rev. Stat. § 44-1991(A), for conduct arising out of a merger involving Black Box and Datel Communications. Black Box contends that the arbitration panel exceeded its authority or otherwise manifestly disregarded the law when granting relief on Markham and Truchanowicz's Arizona securities law claim in contravention of an express choice of law clause in the underlying merger agreement which

-2-

incorporated Pennsylvania substantive law.[1]

In reviewing a district court's decision confirming an arbitration award and denying vacatur, this Court accepts findings of fact that are not clearly erroneous but decides questions of law de novo. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 947-48 (1995). We affirm substantially for the reasons expressed in the thorough and persuasive opinion of the District Court. We add the following to underscore our own agreement with that decision.

As an initial matter, we reject Markham and Truchanowicz's argument that Black Box has waived appellate review of the District Court's decision by failing to discuss, in its Opening Brief, the purported basis of the District Court's decision, i.e., that Black Box voluntarily submitted the issue of the Arizona securities law claim to the arbitration panel. Markham and Truchanowicz rely on the Seventh Circuit's decision in Georgou v. Fritzhall, 178 F.3d 453 (7th Cir. 1999), in which the court held that appellants, who had lost their claim in the district court on a procedural defect, waived appellate review of the entire issue when they addressed the merits of the issue in their brief, rather than attack the grounds upon which the district court ruled (the procedural defect). Id. at 456-57 (noting that the "appeal was effectively dead the instant appellants filed their opening brief"). Although we believe that

---

[1]The choice of law clause, Article 8.4 in the underlying merger agreement, states: "This Agreement will be governed by, and construed and enforced in accordance with, the laws of the Commonwealth of Pennsylvania, without regard to any jurisdiction's conflicts or choice of law provisions." (J.A. at 90.29.)

Fritzhall holds an important lesson for appellate counsel, we conclude that Black Box has preserved the issue for appeal by sufficiently referencing, in a footnote in its Opening Brief, its arguments as to why the arbitration panel exceeded its authority.  See Mutual Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co., 868 F.2d 52, 56 (3d Cir. 1989) (noting that briefs are to be ready liberally to identify the issues raised on appeal).  But cf. John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp., 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) (noting that arguments raised in passing, such as in a footnote, but not squarely argued, are considered waived, for purposes of appeal) (citation omitted).

Turning to the merits of the appeal, first, we agree with the District Court that the issue of whether the arbitration panel exceeded its authority was waived, for purposes of judicial review, when Black Box failed to object to the arbitrability of the Arizona securities law claim and instead voluntarily participated in the adjudication of that claim.  We have previously held that where a party voluntarily submits an issue to arbitration without challenging the arbitrability of that issue, and where the merits are ruled on by the arbitrator, that party may be deemed to have waived the right of judicial review of the arbitrability issue. See Teamsters Local Union v. J.H. Merritt & Co., 770 F.2d 40, 42, 43 (3d Cir. 1985); see also United Indus. Workers v. Gov't of Virgin Islands, 987 F.2d 162, 168-69 (3d Cir. 1993).[2]

---

[2]In order to establish waiver, the party submitting to arbitration must have "clearly indicated his willingness to forego judicial review."  Local 719, Am. Bakery & Confectionery Workers of Am. v. Nat. Biscuit Co., 378 F.2d 918, 921-22 (3d Cir. 1967).  A waiver will not be inferred if a party objects to the arbitrability of an issue but nonetheless voluntarily submits the issue to arbitration.  See Kaplan v. First Options of Chicago, Inc., 19

The District Court found, and there is no contradictory evidence in the record, that Black Box did not raise any objection to the arbitrability of the Arizona claim when Markham and Truchanowicz included that claim in their initial complaint. Black Box thus voluntarily participated in the resolution of the claim. Thereafter, once the Arizona securities law claim was properly a matter within the authority of the arbitration panel to decide, the issue of the choice of law clause, and whether it mandated the use of Pennsylvania law, became irrelevant. As the District Court noted, "[w]hether there was a violation of the Arizona [securities law] must be decided under the laws of the state of Arizona. To decide otherwise would be absurd." (J.A. at 011.)[3]

Nor are we persuaded by Black Box's argument that, as a matter of policy, it would have been futile and an inefficient use of judicial resources to lodge an objection to the Arizona securities law claim prior to the issuance of the award. Black Box's argument rests on a misunderstanding of its obligations as a party to the arbitration proceedings. In order to preserve its choice of law objection, Black Box was not required to, as it claims, seek a

---

F.3d 1503, 1510 (3d Cir. 1994), aff'd, 514 U.S. 938.

[3]Black Box's reliance on Vimar Seguros y Reaseguros, S.A. v. M/V SKY REEFER, 515 U.S. 528, 540-41 (1985), and DeOrnellas v. Aspen Square Mgmt., Inc., 295 F. Supp. 2d 753, 760-62 (E.D. Mich. 2003), is misplaced. In both cases, prior to the commencement of arbitration proceedings, the court refused to speculate as to how arbitrators would interpret choice of law provisions or which law they would apply, and instead reserved judgment on such issues until after the arbitrators decided them in the first instance. See Vimar, 515 U.S. at 541; see also DeOrnellas, 295 F. Supp. 2d at 761. Nothing, however, in either case purports to absolve a party such as Black Box from its obligation to timely lodge an objection to an arbitrator's alleged misapplication of a choice of law clause in order that the subsequent judicial review contemplated by Vimar and DeOrnellas is preserved.

stay of the arbitration proceedings and seek a hearing before a district court on the issue of whether the Arizona securities law claim was an arbitrable claim. See Kaplan v. First Options of Chicago, Inc., 19 F.3d 1503, 1510 (3d Cir. 1994), aff'd, 514 U.S. 938 (1995) (noting that a party that has objected to an arbitrator's jurisdiction need not "try and enjoin or stay arbitration proceeding in order to preserve its objection"). Rather, to preserve its objection, Black Box was required to lodge its choice of law objection in a manner consistent with AAA rules by noting such objection in its responsive pleadings. See, e.g., Rule 8(c) of the AAA Commercial Arbitration Rules ("[a] party must object to the jurisdiction of the . . . arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim"). Thus, having failed to timely object to the arbitrability of the Arizona securities law claim, Black Box waived judicial review of the issue of whether the panel exceeded its authority.

Second, we reject Black Box's contention that the panel showed a "manifest disregard of the law" in reaching its decision. The "manifest disregard of the law" doctrine is a judicially-created one that is to be used "only [in] those exceedingly rare circumstances where some egregious impropriety on the part of the arbitrators is apparent, but where none of the [vacatur] provisions of the [FAA] apply." Duferco Int'l Steel Trading v. T. Klavness Shipping A/S, 333 F.3d 383, 389 (2d Cir. 2003); see also Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) (to vacate an award, it must "evidence[] manifest disregard of the law rather than an erroneous interpretation"). Black Box "bears the burden of proving that the

-6-

arbitrators were fully aware of the existence of a clearly defined governing legal principle, but refused to apply it, in effect, ignoring it." Duferco Int'l Steel Trading, 333 F.3d at 389.

Black Box cannot meet this burden for at least two reasons. As an initial matter, it is not clear from the record as to whether Black Box is even in a position to invoke the manifest disregard of the law doctrine. Notably, counsel for appellees has submitted an affidavit, which has not been rebutted, claiming that "[n]one of the memorandums that Black Box filed with the AAA [panel] cited any caselaw as support for its argument that the choice of law provision precluded the Arizona Securities Act clam [*sic*]." (J.S.A. at 390.) To the extent that the arbitration panel was not made aware of the governing law that Black Box now argues is controlling in this matter, it is difficult to see how the panel refused to apply or otherwise ignored this law. See Duferco Int'l, 333 F.3d at 390 ("In determining an arbitrator's awareness of the law, we impute only knowledge of governing law identified by the parties to the arbitration.") (citations omitted); see also Stark v. Sandberg, Phoenix & von Gontard, P.C., 381 F.3d 793, 803 (8th Cir. 2004) (refusing to vacate award where "there is nothing in the record to demonstrate one of the parties clearly stated the law and the arbitrator expressly chose not to follow it") (citations and quotations omitted).

In any event, Black Box cannot show "manifest disregard of the law" by the panel because a reasonable reading of the choice of law provision in Article 8.4 would not necessarily preclude an Arizona state law claim. Notably, the choice of law provision states that "*[t]his agreement* will be governed by, and construed and enforced in accordance with,

the laws of [Pennsylvania]." (emphasis added) The provision, by its own terms, is narrowly drafted to encompass only the underlying merger agreement itself, and not necessarily the entire relationship between Markham and Truchanowicz and Black Box. Indeed, several courts have construed similarly worded choice of law provisions in a manner that limits their application to the underlying agreement itself, and not to related fraud or non-contractual claims. See Jiffy Lube Int'l, Inc. v. Jiffy Lube of Pennsylvania, 848 F. Supp. 569 (E.D. Pa. 1994) (holding that choice of law clause "only governs the construction, interpretation and enforcement of [the] Agreement" and not the fraudulent inducement and misrepresentation claims that were brought not on the Agreement but on the merger); Coram Healthcare Corp. v. Aetna, 94 F. Supp. 2d 589 (E.D. Pa. 1999) (noting that choice of law clause governed only the "rights and duties under the contract itself," not claims for fraudulent and/or negligent misrepresentation and omission); see also Benchmark Elec., Inc. v. J.M. Huber Corp., 343 F.3d 719, 726 (5th Cir. 2003); Green Leaf Nursery v. E.I. DuPont De Nemours, 341 F.3d 1292, 1300-01 (11th Cir. 2003); Krock v. Lipsay, 97 F.3d 640, 645 (2d Cir. 1996). Thus, rather than acting in manifest disregard of the law, the panel's decision appears to be reasonably consistent with the established case law regarding the construction of choice of law provisions.[4]

_____

[4]In addition, we note that the underlying merger agreement makes Arizona law relevant to the merger, stating that the parties "desire to enter into and carry out the transaction contemplated by the [merger agreement] in accordance with the provisions of the Business Corporations Act of the State of Arizona," and intend that "the merger shall have the effects set forth in the Business Corporations Act of the State of Arizona." (J.A. at 25-

In an attempt to get around this case law, Black Box relies principally on an unpublished opinion in Tacher v. Parsons, 98 CV 4482 (E.D.N.Y. May 5, 1992). In Tacher, the district court addressed the situation where an arbitrator applied South Carolina law in calculating damages for securities-related actions when the consumer agreement specified that the "rights and liabilities of the parties would be determined in accordance with New York law." (J.A. at 384-85.) The district court found this to be in manifest disregard of the law because use of South Carolina law would produce "drastically different" results given that South Carolina law provided for rescission damages, whereas New York law did not. Black Box, relying on Tacher, argues that the use of Arizona law in this matter also produces drastically different results, and thus the panel acted in manifest disregard of the law.[5]

We do not find Tacher to be persuasive. As an initial matter, it appears that the Tacher court used an improper test for determining whether there was manifest disregard, namely whether there was "gross error" in applying South Carolina law. However, as discussed above, a reviewing court does not look to see if an arbitrator has misinterpreted or misapplied the law, but rather to see if the arbitrator was aware of the governing law yet chose to ignore it. Moreover, Tacher is distinguishable on its facts. The choice of law

26.)

[5]For purposes of this appeal, there appears to be an important difference between the substantive securities laws of Pennsylvania and Arizona. The standard of recovery in Pennsylvania is much tougher because there is a scienter requirement comparable to that of the federal standard. See Rosen v. Communications Servs. Group, Inc., 155 F. Supp. 2d 320, 321 n.14 (E.D. Pa. 2001). Arizona apparently has no such scienter requirement. See State v. Gunnison, 618 P.2d 604, 607 (Ariz. 1980).

provision in <u>Tacher</u> was much broader than the provision in this case: whereas the provision in this case is limited to the underlying merger agreement itself, <u>Tacher</u>'s provision governed "the rights and liabilities of the parties." Thus, whereas fraud and misrepresentation claims have been found not be covered under choice of law clauses similarly worded to the provision in this case, arguably it remains to be seen whether they would be covered by broader provisions as in <u>Tacher</u>. Accordingly, <u>Tacher</u> does not support the conclusion that the arbitration panel, in issuing its award, construed the choice of law provision in a manner that exhibited a manifest disregard of the law.[6]

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. Accordingly, the judgment of the District Court will be affirmed.

---

[6]For the same reason, Black Box's reliance on <u>Barnes v. Logan</u>, 122 F.3d 820 (9th Cir. 1997), is also misplaced. The choice of law provision in <u>Barnes</u>, like that in <u>Tacher</u>, extended to "the rights and liabilities of the parties," and was not restricted to the underlying merger agreement itself, as is the case in this matter.