**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 11-1134 & 11-1225
_____

WILKES BARRE HOSPITAL COMPANY, LLC,

Appellant/Cross-Appellee in 11-1134

v.

WYOMING VALLEY NURSES ASSOCIATION PASNAP,

Appellee/Cross-Appellant in 11-1225

_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(No. 10-cv-1421)
District Judge: Honorable William J. Nealon

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 17, 2011

Before: FUENTES and CHAGARES, <u>Circuit Judges</u> and POGUE, <u>Judge</u>. [1]

(Filed December 1, 2011)

_____

OPINION
_____

---

[1] Honorable Donald C. Pogue, Chief Judge, United States Court of International Trade,

sitting by designation.

CHAGARES, Circuit Judge.

Wilkes-Barre Hospital Company, LLC ("the Hospital") appeals the decision of the District Court to deny its petition to vacate the arbitration award against it in favor of Wyoming Valley Nurses Association/PASNAP ("the Union"). The Union cross-appeals the District Court's denial of its request for attorneys' fees and costs. For the reasons that follow, we will affirm the judgment of the District Court.

I.

We write for the parties' benefit and recite only the facts essential to our disposition. On June 9, 2009, the Hospital terminated Alessandro Rendina, a registered nurse, for what it argues was "just cause," on grounds of patient care and insubordination. Appendix ("App.") 138-39. The Union, pursuant to the governing Collective Bargaining Agreement ("CBA"), filed a grievance on Rendina's behalf arguing the Hospital did not have just cause to terminate Rendina. App. 139. The parties submitted the matter to arbitration and a hearing was held on March 10, 2010. App. 140. The arbitrator issued his decision on June 9, 2010, finding that the Hospital did not have just cause for terminating Rendina and ordering him to be reinstated with full seniority and benefits, reduced by a ten-day suspension for "breach of epidemiology universal standards and/or blood borne pathogen standards." App. 147-48, 153-55.

The Hospital filed a petition to vacate the arbitrator's award on July 8, 2010. App. 26. On July 20, 2010, the Union filed its answer and counterclaim, seeking enforcement of the arbitration award and costs, including attorneys' fees. App. 26. The Union filed a

motion for judgment on the pleadings. The Hospital filed a cross-motion for judgment on the pleadings, abandoning the claims it raised in its petition that the arbitrator exceeded his powers by retaining jurisdiction to resolve disputes arising from the award and that the arbitrator did not apply the correct standard for his review of the discharge, raising only the issue of whether the arbitrator exceeded the scope of his authority by failing to limit his decision to upholding or denying the grievance. App. 19-20, 159-60.

## II.

The District Court had jurisdiction pursuant 29 U.S.C. § 185 and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's judgment on the pleadings upholding the arbitration award is plenary and "we apply the same standard the district court should have applied in reviewing the arbitration award." Exxon Shipping Co. v. Exxon Seamen's Union, 73 F.3d 1287, 1291 (3d Cir. 1996) (citing Stroehmann Bakeries, Inc. v. Local 776, Int'l Bhd. of Teamsters, 969 F.2d 1436, 1440-41 (3d Cir. 1992)); Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 219-20 (3d Cir. 2005) (citing Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290 (3d Cir. 1988)). Our review of the District Court's denial of a petition for attorneys' fees and costs in a suit to compel a party to abide by an arbitration award is for an abuse of discretion. See Teamsters Local Union No. 764 v. J.H. Merritt and Co., 770 F.2d 40, 43 n.2 (3d Cir. 1985).

## III.

The Hospital contends that the CBA, in Article 13, Section 2, required an "up or down" review of the grievance by the arbitrator because it provided:

> The arbitrator shall have the authority only to interpret the terms and provisions of the Agreement and shall have no authority to add to, modify or change any of the provisions herein. The arbitrator shall have the authority only to deny or uphold the grievance.

App. 55. The Hospital argues that the arbitrator only had the contractual authority reinstate Rendina or to uphold the termination based on a finding of just cause, but did not have the contractual authority to render a partial or mixed remedy of a 10-day suspension and reinstatement.

The United States Supreme Court has held that "the courts play only a limited role when asked to review the decision of an arbitrator." United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 36 (1987). "The courts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract . . . As long as the arbitrator's award 'draws its essence from the collective bargaining agreement,' and is not merely 'his own brand of industrial justice,' the award is legitimate." Id. (quoting Steelworkers v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960)). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." Id. at 38. The Supreme Court has further held that "[w]hen an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he

4

is to bring his informed judgment to bear in order to reach a fair solution of a problem. This is especially true when it comes to formulating remedies. There the need is for flexibility in meeting a wide variety of situations." Steelworkers v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960).

The parties can limit an arbitrator's ability to craft remedies with an express statement. See Misco, 484 U.S. at 41 (holding parties may limit discretion of arbitrator with respect to remedies); Hill v. Staten Island Zoological Soc'y, 147 F.3d 209, 213-14 (2d Cir. 1998) ("Both the Supreme Court and this court have said that a limitation on the arbitrator's ability to substitute a lesser penalty where he or she has found that just cause did not exist must be stated expressly."). The Hospital argues that Article 13, Section 2 is such an express statement limiting the arbitrator's authority to issue a modified penalty. However, Article 13, Section 2's statement that "[t]he arbitrator shall have the authority only to deny or uphold the grievance," when read in context, does necessarily not relate to available remedies. As the District Court noted, the following sentence in the section addresses damages, which contradicts the Hospital's argument that the arbitrator only had the authority to reinstate Rendina or uphold his termination. App. 55-56 ("Damages, if awarded, shall be reduced by the grievant's receipt of unemployment compensation benefits, worker's compensations benefits, earnings from another source, employment or otherwise, and/or failure to mitigate by seeking employment and/or earnings from another source.").

Because interpretation of the CBA as granting the arbitrator the authority to award a modified penalty, as the arbitrator read the CBA, "draws its essence from the [CBA]", we will affirm the District Court's decision to enforce the arbitration award and deny the petition to vacate it.

IV.

The Union cross appeals the District Court's decision not to grant the Union attorneys' fees and costs. "In suits to compel one party to submit to arbitration or abide by an award, fees are generally awarded if the defaulting party acted without justification, or if the party resisting arbitration did not have a 'reasonable chance to prevail.'" Chauffeurs, Teamsters and Helpers, Local Union No. 765 v. Stroehmann Bros. Co., 625 F.2d 1092, 1094 (3d Cir. 1980) (citations omitted); see also Mobil Oil Corp. v. Indep. Oil Workers Union, 679 F.2d 299, 305 (3d Cir. 1982) ("Under the American rule, each party normally must bear the burden of its own legal expenses, including attorneys' fees. One of the narrow exceptions to this rule is a finding that the losing party litigated in bad faith, vexatiously, or for oppressive reasons." (citing Straub v. Vaisman & Co., 540 F.2d 591, 600 (3d Cir. 1976))). The Union argues that it is entitled to attorneys' fees because the Hospital abandoned two of the three claims from its complaint in its motion for judgment on the pleadings and it did not have a "reasonable chance of succeeding" on the claim that it argued before the District Court and with which we dealt above. The District Court found that there was no evidence that the Hospital brought the action in bad faith and that the Hospital's decision to focus on its primary claim and abandon secondary claims did

6

not demonstrate bad faith. We do not believe the District Court abused its discretion in reaching its conclusion that the Union was not entitled to attorneys' fees and costs.

Because the District Court did not abuse its discretion in declining to award attorneys' fees and costs, we will affirm.

V.

For the foregoing reasons, we will affirm the judgment of the District Court.